United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHRISANTHIS,<br><br>Plaintiff,<br><br>v.<br><br>R. JAMES NICHOLSON, SECRETARY OF VETERANS AFFAIRS, DEPARTMENT OF VETERANS AFFAIRS, DR. BRYAN CASON, IRVING SPIVEY, and DOES 1 TO 10,<br><br>Defendants.<br>_____/ | No. C 07-00566 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND VACATING HEARING** |

**INTRODUCTION**

Plaintiff Anthony Chrisanthis seeks damages from defendants James Nicholson, Brian Cason, and Irving Spivey for allegedly "ending Plaintiff's career" after plaintiff complained about dangerous conditions in his place of federal employment. Defendants move to dismiss plaintiff's complaint on numerous grounds. This order holds that: (1) plaintiff's claim of wrongful discharge is dismissed because the federal employment relationship is governed by federal law, not state law regarding "wrongful discharge"; (2) plaintiff's claim of sexual discrimination under Title VII is dismissed because sexual orientation is not a protected category; (3) plaintiff's claim of deprivation of constitutional rights under 42 U.S.C. 1983 is dismissed because the defendants are all federal actors rather than state actors; (4) plaintiff's *Bivens* claim is dismissed because the relevant statute of limitations had expired before

commencement of suit; (5) plaintiff's claim of retaliation for whistleblowing under the Civil Service Reform Act is dismissed because he failed to pursue the necessary administrative remedies; (6) plaintiff's tort claims are dismissed because he failed to named the United States as a defendant and the CSRA precludes Federal Tort Claims Act actions; and (7) plaintiff's claim under HIPAA is dismissed because there were insufficient facts alleged under a cognizable legal theory and HIPAA does not provide a private cause of action. Defendant's motion to dismiss is hereby **GRANTED**. Seeing that no further arguments are necessary, the hearing is hereby **VACATED**.

**STATEMENT**

Plaintiff Anthony Chrisanthis was employed as a respiratory therapist at the Veterans Administration at Fort Miley in San Francisco (Amd. Compl. at 2). He made a complaint to the Occupational Safety and Health Administration concerning unsafe conditions at Fort Miley. The claim was found valid on March 12, 2002, and the unsafe working conditions were corrected. Plaintiff alleged that, beginning in 2002, employees Dr. Byron Cason and Irving Spivey sought his discharge and actively harassed him following the complaint made to the OSHA. "Plaintiff was told he should quit, was singled out for reprimand, had his medical and personnel records accessed in violation of the Health and Insurance Portability and Accountability Act, was discriminated against because of sexual orientation and was denied necessary equipment needed for his safety." Plaintiff further alleged that defendants made conditions so unbearable that he resigned in 2002 (*id.* at 2–3).

Plaintiff filed an initial complaint on January 26, 2007 (Compl. at 1). On May 11, 2007, defendant filed a motion to dismiss, or in the alternative, for summary judgment. After plaintiff failed to file an opposition, he informed the Court that an amended complaint would be forthcoming. The Court granted defendant's motion on June 26, 2007. Plaintiff filed his amended complaint that same day. In his amended complaint, plaintiff alleged the following causes of action: (1) wrongful discharge, (2) discrimination based on sexual orientation, (3) retaliation for whistleblowing under 5 U.S.C. 2302(b)(8), (4) negligent and intentional

2

infliction of emotional distress, (5) conspiracy to deprive plaintiff of his constitutional rights under 42 U.S.C. 1983, (6) a *Bivens* claim against Mr. Cason and Mr. Spivey; and (7) a claim under the Health Insurance Portability and Accountability Act (Amd. Comp. at 1–2).

**ANALYSIS**

A district court may properly dismiss a complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction. Alternatively, a motion to dismiss under Rule 12(b)(6) will be granted if the pleadings fail to state a claim upon which relief can be granted. Thus, dismissal under Rule 12( b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

When reviewing a complaint under Rule 12(b)(6), courts should accept all allegations as true and construe those facts in the light most favorable to the plaintiff. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). But courts need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations in the form of factual allegations. When ruling on a motion to dismiss, courts may consider the complaint and documents appended to the complaint. Furthermore, courts may take judicial notice of matters of public record outside the pleadings without converting the motion to dismiss into one for summary judgment. *MGIC Idem. Corp. v. Weisan*, 803 F.2d 500, 504 (9th Cir. 1986).

**1.     PLAINTIFF'S CLAIM OF WRONGFUL DISCHARGE.**

Plaintiff claims that he was wrongfully discharged from his employment at the Department of Veterans Affairs (Compl. at 1–2). Wrongful discharge is a state claim, not a federal claim, which is required in federal court. Most importantly, the employment relationship at federal agencies is governed by federal law, not state law concerning "wrongful discharge." *See Rains v. Criterion System, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) ("It is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy. The direct and indirect references to Title VII in [that state law cause of action] do not

3

make [that claim] into a federal cause[] of action") (internal citations omitted). At all events, even the state claim version of this could be heard in federal court only if there were proper supplemental jurisdiction; the state claim must be transactionally related to a proper federal claim. 28 U.S.C. 1367. For the reasons stated below, plaintiff did not allege any proper federal claims.

**2. PLAINTIFF'S CLAIM OF DISCRIMINATION BASED ON SEXUAL ORIENTATION.**

Plaintiff claims that defendants discriminated against him because of his sexual orientation. Title VII does not cover discrimination based on sexual orientation. Protected groups are based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. 2000e *et seq*. Plaintiff does not rely on a cognizable legal theory, so his Title VII claim of discrimination based on sexual orientation must be dismissed.

**3. PLAINTIFF'S CLAIM OF CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983.**

Section 1983 provides a remedy for the deprivation of constitutional rights by persons acting under color of *state* law – *i.e., state* actors. Here, Dr. Cason and Spivey worked for the Department of Veteran Affairs, a federal agency. Defendants were *federal* actors who were beyond the reach of Section 1983. Plaintiff's Section 1983 claims must be dismissed for failure to state a claim upon which relief can be granted.

**4. PLAINTIFF'S *BIVENS* CLAIM.**

The applicable statute of limitations in *Bivens* actions is determined by a state's personal injury statute. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). Before January 1, 2003, California's personal-injury statute stated a personal injury claim must be filed within one year of accrual, which is governed by federal law. *Degrassi v. City of Glendora*, 207 F.3d 636, 644 (9th Cir. 2000) (applying Cal. Code Civ. Proc. 340). According to *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000), a "*Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." Starting January 1, 2003, the statute increased the statute of limitations to two years. Cal. Code of Civil Proc. 335.1. This increased statute of

4

limitations only applied retroactively to victims of the September 11th terrorist attacks. *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).

Plaintiff wanted to file *Bivens* claims against Mr. Cason and Mr. Spivey. His amended complaint alleged that "[d]uring 2002 Defendants began to seek Plaintiff's discharge and actively harass Plaintiff following Plaintiff's complaint to the Occupational Safety and Health Administration (OSHA) of unsafe and dangerous conditions at the Fort Miley Center." He further alleged that, "[f]ollowing Plaintiff's exercise of his legal right to bring unsafe working conditions to the attention of OSHA, Defendants Cason and Spivey, acting in concert within the meaning of *Bivens*, began a campaign of harassment and intimidating denying Plaintiff his civil rights.\" (Amd. Compl. at 3).

Given that the allegedly harassing behavior began after plaintiff's OSHA complaint in 2002, plaintiff either knew or had reason to know of his injury in 2002. Whether or not the two-year statute of limitations applied, plaintiff failed to file the action within the statute of limitations. Plaintiff filed his *Bivens* action in 2007, about five years after the time his *Bivens* claim accrued. Where the facts and dates alleged in the complaint indicate that the claim is time-barred by the statute of limitation, a motion to dismiss for failure to state a claim lies. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The Court finds that plaintiff's *Bivens* claims are time-barred and can therefore be dismissed for failure to state a claim.

### 5. PLAINTIFF'S CLAIM OF RETALIATION FOR WHISTLEBLOWING.

Plaintiff claims retaliation for whistleblowing under the Civil Service Reform Act, 5 U.S.C. 2302(b)(8). After he made a complaint to OSHA regarding unsafe and dangerous conditions at the Fort Miley Center, defendants allegedly retaliated against him, making the workplace environment so unpleasant that he eventually resigned. Constructive discharge constitutes a covered "personnel action" covered by the CSRA. 5 U.S.C. 2302(2)(A)(iii), (ix), (xi) ("personnel action" includes "disciplinary or corrective action," "a decision concerning pay, benefits, or awards," or "any other significant change in duties, responsibilities, or working conditions"). "*Prohibited* personnel practices" include the taking of a personnel

5

action that violates merit system principles. 5 U.S.C. 2302(b)(11). Merit system principles require that "[a]ll employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition, and with proper regard for their privacy and constitutional rights." 5 U.S.C. 2301(b)(2). Here, plaintiff claims that he was subject to such prohibited personnel practices, but he failed to seek the proper administrative remedies.

Where the CSRA applies, there are only administrative remedies and no private causes of action. *See Bush v. Lucas*, 462 U.S. 367, 389 (1983) (holding that, given the government's comprehensive scheme protecting civil servants against arbitrary action by supervisors which provides meaningful remedies for employees who may have been unfairly disciplined for making critical comments about their agencies, history of development of civil service remedies and comprehensive nature of remedies currently available, court would not augment that remedial system by creating a new judicial remedy for federal employee who was demoted for exercising his First Amendment rights). Because plaintiff's allegation of retaliation for whistleblowing fell within the ambit of the CSRA, he should have pursued the proper administrative remedies. Plaintiff should have filed a direct appeal to the Merit System Protection Board for his constructive discharge claim, which he failed to do. 5 U.S.C. 1214. *See also Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991) (describing administrative appeal process under the CSRA). The Court dismisses plaintiff's CSRA claims because no relief can be given.

### 6. PLAINTIFF'S CLAIM OF NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Plaintiff claims, "Following Plaintffs' OSHA complaint Defendants made conditions so unbearable for Plaintiff that he was forced to end his active employment and take a medical discharge . . . As a result of Defendants' actions Plaintiff suffered and continues to suffer from severe emotional distress, both negligently and intentionally inflicted." The only way an individual can sue the federal government for a tort is to do so under the Federal Tort Claims Act. "[An] FTCA action against the Government [is] the exclusive remedy for torts committed

6

by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 163 (1991). In the instant case, plaintiff's FTCA claim fails.

First, plaintiff only names James Nicholson, Brian Cason, and Irving Spivey on the complaint. In order to file a proper claim under the FTCA, plaintiff would have to name the United States as a defendant. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed her complaint as improperly filed against the Postal Service and [the Postmaster General]. The FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name. A claim against the United States Postal Service in its own name is not a claim against the United States. Because the plaintiff brought an FTCA action against a person and entity not subject to the FTCA, the district court properly dismissed the named defendants").

Second, even if plaintiff were to properly name the United States as a defendant, his FTCA claim would still be flawed. As discussed earlier, the CSRA applies to plaintiff's claims of constructive discharge and retaliation. His alleged emotional distress resulted from this conduct and therefore fell under the CSRA. The CSRA precludes claims under the FTCA. *Orsay v. United States Dept. of Justice*, 289 F.3d 1125, 1131–32 (9th Cir. 2002) ("Appellants' allegation that [the supervisor] received inappropriately light discipline due to his friendship with the employees issuing the discipline is therefore a 'prohibited personnel practice' under the CSRA. Consequently, the CSRA preempts Appellants' FTCA claims regarding the purported inadequacy of [the supervisor's] punishment"). Because they fail to state a claim upon which relief can be granted, plaintiff's tort claims of negligent infliction of emotional distress and intentional infliction of emotional distress must be dismissed.

**7.     PLAINTIFF'S CLAIM UNDER HIPAA.**

Plaintiff claims defendants accessed his medical and personnel records in violation of the Health Insurance Portability and Accountability Act. Nothing more is explained in the complaint. The claim is too vague and ambiguous for the Court to hazard how defendants

7

inappropriately accessed plaintiff's records in violation of HIPAA. There is an absence of sufficient facts alleged under a cognizable legal theory. Assuming *arguendo* that plaintiff provided a more definite statement with respect to the improper conduct, he would still have failed to state a claim upon which the Court could grant relief because HIPAA does not provide a private cause of action. *See Webb v. Smart Document Solutions, LLC.,* 2007 WL 2410179, *3 (9th Cir. 2007) (Paez, J.) ("Had [defendant] removed this case to federal court on the basis of federal question jurisdiction under § 1331, the lack of a private right of action to enforce HIPAA may have foreclosed Plaintiffs' [state] claim"). Plaintiff's claim under HIPAA must be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED**. Further leave to amend is denied as futile. Seeing that there are no more arguments to be made, the hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 25, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE