MELINDA HAAG (CABN 132612)
United States Attorney

ALEX G. TSE (CABN 152348)
Chief, Civil Division

ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Phone: (415) 436-7071
    Fax: (415) 436-6748

Attorneys for Defendant USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHRISANTHIS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. JAMES NICHOLSON, *et al.*,<br><br>    Defendants. | No. 07-cv-00566-WHA<br><br>**UNITED STATES OF AMERICA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; AND [PROPOSED] ORDER** |

    Pursuant to Civil Local Rule 3-12, the United States of America hereby files this Administrative Motion to Consider Whether Cases Should be Related. The motion is being served on plaintiff. Chambers copies are being provided to the judges assigned to all three cases.

**I. TITLE AND CASE NUMBER OF EACH ACTION**

    The above-captioned action is the earliest filed case. The second case is *Chrisanthis v. Cason, et al.*, No. 08-cv-02472-WHA, which was related to the earliest case by order of the Honorable Judge William H. Alsup on June 6, 2008. The third case is *Chrisanthis v. United*

1

*States of America, et al.*, 14-cv-02784-LB.

## II. STATEMENT OF RELATIONSHIP OF THE ACTIONS

On January 26, 2007, Plaintiff Anthony Chrisanthis filed a lawsuit in the Northern District of California. The matter was given case no. 07-cv-00566 and was assigned to Judge Alsup. Declaration of Robin M. Wall ("Wall Decl."), Ex. 1 (Docket Sheet from *Anthony Chrisanthis v. R. James Nicholson*, *et al*., Case No. 07-cv-00566 WHA). Plaintiff had been employed as a respiratory therapist at the Veterans Administration at Fort Miley in San Francisco, where he alleged that he had been subjected to discrimination, retaliation, and constructive discharge. Wall Decl., Ex. 2 (First Amended Complaint) ("FAC"). Plaintiff named three defendants: Secretary of the Department of Veterans Affairs, Dr. Brian Cason (erroneously named Dr. Brian Casey in the complaint), and Irving Spivey. FAC at 1.

On August 30, 2007, the defendants moved the court for an order dismissing plaintiff's FAC on the ground that Plaintiff had failed to state a claim upon which relief can be granted, and, in the alternative, for an order granting defendants summary judgment on all claims. *See* Simmons Decl., Ex. 1 (Dkt. 24). On September 25, 2007, Judge Alsup granted the defendants' motion to dismiss all claims.

On January 8, 2008, Plaintiff filed another complaint, this time in San Francisco Superior Court. The complaint again named as defendants Dr. Brian Cason and Irving Spivey, but omitted the Secretary of the Department of Veterans Affairs. Wall Decl., Ex. 3 (Notice of Removal of *Anthony Chrisanthis v. Dr. Brian Cason*, *et al*., Case No. 08-cv-02472 WHA, attaching Summons and Complaint ) ("Second Compl."). The complaint sought damages for negligent infliction of emotional distress, breach of contract, and fraud. *Id*. In this second lawsuit, plaintiff claimed he was forced to take medical disability leave from his employment as a result of defendants' conduct. Second Compl. at 6. Plaintiff further alleged his medical disability leave included the following terms: "Plaintiff could reapply for his position," *id*. at 4; "Plaintiff would be rehired after his disability subsided," *id*. at 5; and that the promise to rehire

1  Plaintiff was an "inducement to Plaintiff to seek disability leave and not continue Plaintiff's
2  employment." *id*. at 5a. Plaintiff alleged that defendants' refusal to honor this agreement to
3  rehire him caused "extreme emotional distress." *Id*. at 6.

4      On May 14, 2008, the action was removed to district court, given case no. 08-cv-02472,
5  and assigned to the Honorable Judge Saundra Brown Armstrong. Wall Decl., Ex. 4 (Docket
6  Sheet from *Anthony Chrisanthis v. Dr. Brian Cason*, *et al*., Case No. 08-cv-02472 WHA). On
7  June 3, 2008, defendants filed an administrative motion to relate the earliest filed case, no. 07-
8  cv-00566, with the second removed case. On June 6, 2008, Judge Alsup ordered that the cases
9  be related and the second case bear his initials. Wall Decl., Ex. 5 (Related Case Order).

10      On August 4, 2008, defendants moved the court for an order dismissing plaintiff's
11  complaint on the grounds that the court lacked jurisdiction, the claims were barred by res
12  judicata, and plaintiff had failed to state a claim upon which relief can be granted. On
13  November 7, 2008, Judge Alsup granted the defendants' motion to dismiss all claims. *See* Wall
14  Decl., Ex. 4 (Dkt. 47).

15      On June 17, 2014, plaintiff filed a new complaint in the Northern District of California.
16  The matter was given case no. 14-cv-02784 and assigned to the Honorable Magistrate Judge
17  Laurel Beeler. Wall Decl., Ex. 6 (Complaint for Damages) ("Third Compl."). The complaint
18  names as defendants the United States of America and the Department of Veterans Affairs, Sloan
19  D. Gibson, Acting Secretary. Third Compl. at 1. The complaint seeks damages for wrongful
20  discharge, discrimination, retaliation, and infliction of extreme distress and makes express
21  reference to the dismissal of the earliest filed case, no. 07-cv-00566. *Id*. at 2. In this third
22  lawsuit, plaintiff claims that defendants failed to consider plaintiff for reinstatement as a
23  respiratory therapist in 2011 and 2012 and that defendants' failure to reinstate plaintiff caused
24  extreme emotional distress.

### III. DISCUSSION

Civil Local Rule 3-12(a) defines related cases as those where "(1) [t]he actions concern

3

substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Under the guidelines set forth by the local rules, plaintiff's most recently filed lawsuit, *Chrisanthis v. United States of America, et al.*, No. 14-cv-02784, is related to the two earlier-filed lawsuits, *Chrisanthis v. Nicholson, et al*., No. 07-cv-00566-WHA, and *Chrisanthis v. Cason, et al*., No. 08-cv-02472-WHA.  The parties are the same, except that plaintiff has also named the United States of America in the most recent action.  Both cases concern the same underlying events—the circumstances underlying the end of plaintiff's employment with the Veterans Administration and plaintiff's alleged entitlement to reinstatement.  Because the three cases arise out of the same events on behalf of the same plaintiff against the same defendants, assignment to a single judge would be likely to avoid unduly burdensome duplication of labor and expense and/or conflicting results.

Additionally, the familiarity of the Court with the previous cases should reduce significantly the amount of time necessary to identify any claims in the current complaint that are precluded by federal law and/or barred by the doctrine of res judicata.

### III.  CONCLUSION

Accordingly, the United States respectfully submits that *Chrisanthis v. United States of America, et al.*, No. 14-cv-02784, should be related to *Chrisanthis v. Nicholson, et al*., No. 07-cv-00566-WHA, and *Chrisanthis v. Cason, et al*., No. 08-cv-02472-WHA.  A proposed order is submitted below.

Dated:  November 25, 2014

Respectfully submitted,
MELINDA HAAG
United States Attorney

/s/ *Robin M. Wall*

ROBIN M. WALL
Assistant United States Attorney

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED THAT:

Pursuant to Civil Local Rule 3-12, Case No. 14-cv-02784-LB is related to Case No. 07-cv-00566-WHA and Case No. 08-cv-02472-WHA. Case No. 14-cv-02784 shall now bear the initials WHA.

IT IS SO ORDERED.

Dated: December 1, 2014.

HON. WILLIAM H. ALSUP
United States District Judge